UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| SHAWN M. PERKINS, | ) | CIV. 13-5005-JLV |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | MOTION FOR |
| | ) | RECONSIDERATION |
| SECRETARY OF DEPARTMENT OF | ) | |
| HEALTH & HUMAN SERVICES, | ) | |
| HONORABLE KATHLEEN | ) | |
| SEBELIUS, and SIOUX SAN | ) | |
| HOSPITAL - INDIAN HEALTH | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

On January 9, 2013, plaintiff Shawn M. Perkins, appearing *pro se*, filed a complaint against defendants alleging gender discrimination, wrongful termination, and retaliatory actions. (Docket 1). The complaint states Mr. Perkins was employed at the Sioux San Hospital in Rapid City, South Dakota, as a health technician until December 2, 2011. Id. at p. 4. Mr. Perkins alleges he was subject to "gender discrimination, wrongful termination, and subsequent retaliatory actions [and that he was] illegally terminated . . . without due process . . . ." Id. The complaint states Mr. Perkins' claims were dismissed at the administrative level as untimely. Id. at p. 1.

"[P]ro se complaints are to be construed liberally . . . ." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (referencing Estelle v. Gamble, 429 U.S. 97,

106 (1976). On February 4, 2013, the court dismissed the complaint for "fail[ing] to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii)." (Docket 7 at p. 4).

Mr. Perkins filed a motion for reconsideration of the court's dismissal of the complaint. (Docket 8). Mr. Perkins asserts the court misunderstood the nature of his claim and submitted additional documentation for consideration. Id. The submission discloses that on June 1, 2012, Mr. Perkins contacted the Department of Health & Human Services ("DHHS" or the "agency") regarding alleged sex discrimination and reprisal/retaliation by his former employer, the Sioux San Hospital in Rapid City, South Dakota. Id. at p. 2. Sioux San Hospital is a part of the Indian Health Service and the Public Health Service within DHHS.

Mediation was conducted at the administrative level on August 27, 2012, but was unsuccessful. Id. After attempting mediation a complainant is required "to file a discrimination complaint within 15 days of receipt of the notice[.]" 29 CFR §§ 1614.105(d) & 1614.106(b). The complaint "must be filed with the agency that allegedly discriminated against the complainant." 29 CFR § 1614.106(a). On November 28, 2012, DHHS dismissed Mr. Perkins' formal complaint as untimely. (Docket 8 at p. 3). The complaint was deemed untimely because it was not filed within 15 days of Mr. Perkins' receipt of the notice of his right to file a formal complaint. Id.

"Title VII prohibits employment discrimination on the basis of sex, see 42 U.S.C. § 2000e–2(a)(1) (1994), but also 'establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court.'" Briley v. Carlin, 172 F.3d 567, 571 (8th Cir. 1999) (citing Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir. 1994). "In order to exhaust administrative remedies, the claimant is required to demonstrate good faith participation in the administrative process, which includes making specific charges [filing a formal complaint with the agency] . . . ." Id.

"To preserve [his] right to maintain a suit alleging employment discrimination against an agency of the United States, a claimant must exhaust [his] administrative remedies by filing a claim of discrimination with the allegedly offending agency in accordance with published procedures." Leorna v. U.S. Dept. of State, 105 F.3d 548, 550 (9th Cir. 1997) (citing Brown v. General Services Administration, 425 U.S. 820, 832 (1976)). "Generally, a party must exhaust [his] administrative remedies before [he] can obtain judicial review of an agency decision." Id. at 552. "The purpose of this requirement is to avoid any unnecessary or premature judicial intervention into the administrative process by allowing the administrative agency in question to exercise its expertise over the subject matter and giving the agency an opportunity to correct any mistake that may have occurred in the proceeding." Id.

By not timely filing a formal complaint with the agency, Mr. Perkins failed to exhaust his administrative remedies.[1]  Id.  See Bailey v. U.S. Postal Service, 208 F.3d 652, 654 (8th Cir. 2000) ("Before bringing discrimination claims, Title VII plaintiffs must exhaust available administrative remedies."). Dismissal of the complaint was proper because the "lawsuit is foreclosed due to [his] failure to exhaust the available administrative remedies." Briley, 172 F.3d at 574.  Accordingly, it is hereby

ORDERED that plaintiff's motion for reconsideration (Docket 8) is denied.

Dated April 23, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

---

[1] Neither Mr. Perkins' complaint nor the motion for reconsideration allege equitable tolling to excuse his non-compliance with the regulations.  See Briley, 172 F.3d at 570 ("Equitable tolling will extend a deadline missed due to an employee's excusable ignorance, but the doctrine is precluded once it is shown that the employee was generally aware of [his] rights.").